Nash, J.
 

 We perceive no error in this action of the court. It is objected, that the papers are not attached to each other, nor do they so refer to each other, as necessarily to connect them. It would have been more satisfactory, if the papers had been so connected, but we know of no principle of Taw
 
 *423
 
 requiring it and the circumstances accompanying them ciently, wc think, connect them, to enable us to see that they do mutually refer to the same transactions, and prove that this is a true copy of the will of Atlas Jones and its probate. It is further objected that we have no evidence, that Wyatt Mooring was the presiding magistrate of Madison County Court; as the record states, there were other magistrates on the bench. It is sufficient for us, that the
 
 papers
 
 are authenticated in one of the modes required by the act of congress. We cannot require more evidence of the fact, than the law demands, and, in the absence of all contradictory testimony, impeaching its truth, it would have been a matter of fact to be decided by the presiding judge, and which could not be reviewed by us. It is further objected, that before Sam’l Lancaster could be permitted to carry on the suit, as the executor of Atlas Jones, the will of the latter ought to have been proved in some competent County Court in this State, and letters testamentary issued to him here. In the case of
 
 Helme
 
 against
 
 Saunders,
 
 3 Hawks. 563, the Court decides, that when a probate is obtained in a sister State, and is authenticated as the laws of the United States direct, it is, under the Constitution of the United States, in such an authentic form as to supersede the neces^ sity of any probate in the Courts of this State, and such an authentication may be given in evidence to sustain a suit, and was certainly sufficient to authorise the Court to make Samuel Lancaster a party plaintiff, as the representative of Atlas Jones,
 

 It is contended, that the action cannot be maintained, and that the only redress, open to the plaintiff, was a suit in Equity, to call the defendant to an account, for the assets of William Martin, which came to her hands as executrix of Archibald McBryde. No authority has been cited for this position, and, indeed, it is admitted none can be found. In support of it, however, it is said it would expose the defendant to great litigation and much cost. We cannot perceive how this can be. She is not liable at law to the demands of the creditors of William Martin, for she is not his representative. If no case can be found to sustain the defendant’s objection, the cases ar.e
 
 *424
 
 numerous which, on principle, sustain the action. Co-execu-at ^aw) are regarded as one person, all having a joint and entire authority over the whole property of their testator.— Wentworth's office of Ex. 213, 2 Williams on Ex. 620, and upon the death of one, the whole power and authority rest with the survivor, although the deceased executor may have left an executor.
 
 Flanders
 
 and
 
 Clark,
 
 3 Atk. 509, 2 Williams on Ex. 623. It is the duty oí the surviving executor to take possession of the personal estate of the deceased, and this bond, it is admitted, forms part of the estate of William Martin. He alone can maintain an action at law for the money or the property, and he alone is answerable to the creditors. Nor, in Equity, can a creditor sue the surviving executor and the representative of the deceased executor, except upon the ground of fraud and collusion.
 
 Brotton
 
 v.
 
 Bateman,
 
 2 Dev. Eq. 119. It is a general rule of pleading, that, when one of several parties, having a joint legal interest, dies, the right of action survives, and the action must be brought in the name oí the survivor. The representative of the deceased joint party can not be joined. 1st. Chit. on pleading 12. Atlas Jones and Archibald McBryde, as executors of W. Martin, had a joint legal interest in the bond in controversy; and, on the death of McBryde, that interest survived to Atlas Jones. The defendant could not maintain an action on it against the obli-gors. Jones alone could do that, and he, of course, was entitled to its possession. It is true, for the reason before given, one executor cannot maintain an action at law against his co-executor, and this case does not raise the question. The plaintiff and the defendant do not jointly represent William Martin ; the former is the sole representative.
 

 These were the only points, pressed in argument before us, but as the counsel claimed another, which is stated in the case, it is our duty to examine and decide it. When the executor of Atlas Jones was made a party plaintifl, the defendant was permitted to plead, since the last continuance, that one Kenneth McCasskill had by a decree in Equity, recovered from her, as executrix of Archibald McBride, the sum of
 
 *425
 
 $ 2,500, as money due from the estate of William Martin, and that she retained this bond as assets of Martin’s estate, purchased by her for the benefit of her testator’s estate. The case states, that the suit of McCaskill was brought by him against Atlas Jones and Archibald McBryde, for an account of money received by them as his
 
 agents
 
 from the estate of Martin, and that he had recovered the sum mentioned in the plea, of which the defendant had paid an amount equal to the bond in dispute. The Court was requested to charge the jury, if they believed the testimony, they ought to find for the defendant. This instruction was refused, and, certainly, with great propriety. The decree was obtained against the defendant, Jones having in the mean time died without any representative in this State, not as the representative of William Martin, but as the executrix of A. McBryde, one of the agents of McCasskill, in which character the money had been received by him and Atlas Jones. Martin’s estate was discharged from the claim. The money, then, which the defendants paid under that decree, was not paid by her, for and on account of Martin’s estate. She can of course, have no claim, in this Court, to hold the bond in dispute to answer for it, against the legal claim of the plaintiff.
 

 Atlas Jones was the surviving executor of William Martin; the bond in dispute is a part of the estate of his testator, in the hands of the defendants, having no legal claim to its possession ; the action after a demand was rightly brought and the plaintiff was entitled to a verdict.
 

 We perceive no error in the charge of the presiding Judge.
 

 Pee, Curiam, Judgment affirmed.